UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

IN RE:  CASE NO. 18-21059-13
CHAPTER 13

Curtis Michael Fraundorfer
Sarah Darlene Fraundorfer
    Debtors

### NOTICE OF FINAL CURE PAYMENT AND MOTION TO DEEM LOAN CURRENT IN THE EVENT OF NO TIMELY RESPONSE (CONDUIT)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, W.H. GRIFFIN, files this Notice of Final Cure Payment. The amount required to cure the default in the claim listed below has been paid in full and all post-petition amounts have been paid.

Name of Creditor: BSI FINANCIAL SERVICES, INC.
    Account #: 2147

Ongoing payments are made: ___ direct by the Debtors/ _X_ through the Trustee

Amount Disbursed by the Trustee:

| Claim Number 12 | Amount Paid |
|---|---|
| Arrears | $4,244.09 |
| Ongoing | $55,654.85 |
| Administrative | $3,381.42 principal and $254.00 interest |
| Arrears with Interest | $250.00 principal and $0.00 interest |

If the Plan required ongoing payments to be made through the Trustee, the loan is now due for: **June 2021** with Debtors to make such payment direct to the creditor.

### Statement from Holder of Claim

Within 21 days of the service of the Notice of Final Cure Payment, the creditor **MUST** file and serve a Statement as a supplement to the holder's proof of claim on the Debtors, Debtors' Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating 1) whether it agrees that the Debtors have paid in full the amount required to cure the default on the claim; and 2) whether the Debtors are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

**Consequences of Noncompliance with Fed.R.Bankr.P.3002.1(g)**

    If the holder of a claim fails to timely provide any information required by Fed. R. Bank. P. 3002.1(b), (c), or (g), the Court will treat that failure as an admission that any default has been cured and that any postpetition amounts due under the note and mortgage have been timely paid. The Court will then enter an Order finding that all allowed claims have been paid in accordance with the plan, and with respect to any claim secured by Debtor(s)' principal residence that continues beyond the term of the plan, that any prepetition or postpetition defaults have been cured and **the account is in all respects current through May 2021**, with no escrow balance, late charges, costs or attorney fees owing.

/s/ W.H. GRIFFIN
W.H. GRIFFIN
Chapter 13 Trustee
5115 ROE BLVD
SUITE 200
ROELAND PARK, KS  66205-2393

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Final Cure Payment was served on the parties listed below by ordinary U.S. Mail or served electronically through the Court's ECF System at the e-mail address registered with the Court on this 6th day of May, 2021.

Curtis Michael Fraundorfer, Sarah Darlene Fraundorfer, 20901 W. 52nd Street, Shawnee, KS  66218

ELECTRONIC SERVICE - THE SADER LAW FIRM, 2345 GRAND BLVD STE 2150, KANSAS CITY, MO  64108

BSI FINANCIAL SERVICES, INC., 314 S FRANKLIN ST PO BOX 517, TITUSVILLE, PA  16354

BSI FINANCIAL SERVICES, 1425 GREENWAY DR STE-400, IRVING, TX  75038

ELECTRONIC SERVICE - MILLSAP & SINGER, LLC, 612 SPIRIT DR, ST LOUIS, MO  63005

ELECTRONIC SERVICE - United States Trustee

/s/ W.H. GRIFFIN
W.H. GRIFFIN
Chapter 13 Trustee
5115 ROE BLVD
SUITE 200
ROELAND PARK, KS  66205-2393